# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD J. REYNA,

    Petitioner,

v.                                       Case No. 10-CV-598

JEFFREY PUGH,

    Respondent.

## **ORDER**

On October 12, 2010, the petitioner, Richard J. Reyna, filed a motion for an extension of time to file his brief in support of his petition. The petitioner asks for an additional ten days within which to file his brief. The petitioner indicates that he has been trying to subpoena witness statements and obtain information from various judges, district attorneys and officials to no avail. The petitioner asks for the extension in accordance with Rule 6 of the Rules Governing § 2254 Cases. The petitioner also filed letters indicating that he is having difficulties with sending and receiving legal mail.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course" and the discovery provisions of the Federal Rules of Civil Procedure do not apply. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) "provides that a petitioner can invoke discovery, but only 'if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" Hubanks v. Frank, 392 F.3d 926, 933-934 (7th Cir. Wis. 2004) (quoting Bracy, 520 U.S. at 904).

In order for discovery to be granted in a habeas case, the petitioner must identify the essential elements of a constitutional claim and show good cause. Bracy, 520 U.S. at 940. Good cause is satisfied "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Harris v. Nelson, 394 U.S. 286 (1969). In the alternative, good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." Id.

In this case, the petitioner has not sought or been granted leave to invoke discovery and, therefore, he cannot seek discovery.[1] Nonetheless, the petitioner's motion for an extension of time will be granted. The petitioner will be given additional time to file his brief in support of his petition. In addition, the court is enclosing a current docket sheet in the case.

**NOW, THEREFORE, IT IS ORDERED** that the petitioner shall file his brief in support of his petition on or before **November 3, 2010.** The respondent's brief in opposition to the petition shall be filed on or before **December 15, 2010.** The petitioner's reply brief, if any, shall be filed on or before **January 15, 2010.**

Dated at Milwaukee, Wisconsin this 21st day of October, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

---

[1] The court notes that the Wisconsin Statutes relating to discovery cited by the petitioner are inapplicable to this case in federal court.